PAULINE NEWMAN, Circuit Judge,
dissenting.
The procedural tangles of this case arose when Mr. Carell attempted to name both the Army and OPM as respondents in his petition to change his civilian employment records to track the correction of his military record. The MSPB spontaneously docketed the case as two separate appeals, and then held that neither the Army nor OPM could act until the other acted. Instead of denying this petitioner all review, apparently as a consequence of this artificial split in authority, the MSPB should consider the merits of the substantive question, viz., is Mr. Carell entitled, on *300 the facts of his case, to correction of his civil service record to match the correction of his military record. Although this pro se petitioner did not provide an exhaustive analysis of MSPB jurisdictional statutes, he cited 5 U.S.C. § 8347(d), which authorizes the MSPB to review actions of the OPM. Since it is the OPM that refused to correct Mr. Carell’s employment record, the appeal is properly before the MSPB. The Board has jurisdiction of the question and should resolve it. I would vacate the dismissal, and instruct the MSPB to decide the question on its merits.